IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-382-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CEDRIC JAMAL KEARNEY, ) | |
| ) | |
| Defendant. ) | |

On April 21, 2020, upon request from Defendant pursuant to 18 U.S.C. § 4241, the court ordered Defendant to undergo a psychiatric or psychological examination conducted pursuant to 18 U.S.C. § 4247(b) to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. [DE-168].

Thereafter, on May 27, 2020, Defendant was admitted to the Federal Medical Center, Lexington, Kentucky pursuant to the court's order. A Forensic Psychological Report was drafted by Forensic Psychologist Kristen M. Schramm, Psy.D., detailing Defendant's evaluation from May 27, 2020 to July 10, 2020. According to the report, Defendant meets the diagnosis for Schizophrenia, First episode, currently in acute episode, and as a result of his diagnosis, Defendant's abilities to rationally understand the roles of various courtroom personnel, appreciate the consequences of the current proceedings against him, participate rationally during courtroom proceedings, and assist counsel properly in his defense are significantly impaired rendering him not competent to proceed. [DE-190].

On August 18, 2020, this matter came before the court for a hearing in accordance with 18 U.S.C. §§ 4241 and 4247(d). At the hearing the government was represented by Assistant United States Attorney Daniel W. Smith and Defendant, who was present by video conference, was represented by Rosemary Godwin. The court advised Defendant of his rights under 18 U.S.C. § 4247(d). The government argued the findings contained in the report. Defendant did not contest the findings of the report and offered no evidence to the contrary.

After consideration of the position of the parties and the report, the court finds by a preponderance of the evidence, pursuant to 18 U.S.C. § 4241(d), that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Accordingly, Defendant is committed to the custody of the Attorney General. Pursuant to 18 U.S.C. § 4241(d), the Attorney General shall hospitalize Defendant for treatment in a suitable facility–

(1) for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

So ordered, the 18th day of August 2020.

Robert B. Jones, Jr.
United States Magistrate Judge

2