IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-382-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CEDRIC JAMAL KEARNEY, | ) | |
| | ) | |
| Defendant. | ) | |

On September 18, 2020, the court held a hearing for the Government to show cause why Defendant has not been hospitalized for treatment in a suitable facility in accordance with 18 U.S.C. § 4241(d) and the court's August 18, 2020 commitment order. The Assistant United States Attorney prosecuting this case, Daniel Smith, did not appear, and the attorney covering the matter for Mr. Smith and the Deputy United States Marshal offered by the Government were unable to meaningfully address the issue before the court. One month has passed since the court committed Defendant to the custody of the Attorney General to hospitalize Defendant for treatment in a suitable facility–

> (1) for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

18 U.S.C. § 4241(d). Yet, Defendant remains at the Wake County Detention Center. Defense counsel has met with Defendant, and her impression is that he is not receiving medication for his schizophrenia and his condition is deteriorating.

Prior to issuing the show cause order, the court held three teleconferences with counsel for the parties, which can be summarized as follows. Early on the discussion centered on whether

Defendant's pending state charges impeded the Government's ability to effectuate the court's commitment order. However, the court believed any such issue had been resolved and that the state was awaiting resolution of Defendant's pending federal charges. In any event, the Government has been able to procure Defendant's attendance at several court proceedings and, importantly, for his competency evaluation at the Federal Medical Center in Lexington, Kentucky. Thus, it is unclear why at this point the Government would be unable to comply with the court's commitment order due to pending state charges. Next, the discussions turned to when the Bureau of Prisons ("BOP") could provide treatment for Defendant, and the Government, after consultation with representatives of BOP and the Marshals Service, indicated that BOP would not be able to provide treatment until November 27, 2020, more than three months after the court ordered Defendant be hospitalized for treatment.[1] Finally, the option of the Government finding a treatment facility other than a BOP medical center was discussed, given that the commitment statute contemplates treatment in a "suitable facility," 18 U.S.C. § 4241(d), and does not expressly require treatment at a BOP facility. The court indicated it would issue a show cause order to assist the Government in its efforts to explore this option. However, as indicated above, Mr. Smith did not appear at the hearing, and the covering attorney had no information regarding what, if any, efforts had been made to explore the option of utilizing a

---

[1] It is noteworthy that the Fourth Circuit, albeit in the context of whether a defendant remained in the custody of the Attorney General under 18 U.S.C. § 4241(d) for purposes of eligibility for commitment under 18 U.S.C. § 4248, recently explored § 4241(d)'s timing requirements for competency evaluations in *United States v. Wayda*, 966 F.3d 294, 306 (4th Cir. 2020), a case arising out of this district. Relevant to Mr. Kearney's case, the Fourth Circuit in *Wayda* established the time line of the defendant's commitment proceedings by counting from December 16, 2016, the date of the court's finding that defendant was not competent and was committed to the custody of the Attorney General under § 4241(d), until September 12, 2017, the date the court found defendant remained incompetent and committed him for further restoration treatment under § 4241(d). *Id.* at 310. The Fourth Circuit indicated that this period should have been four months or less, pursuant to § 4241(d)(1), but instead took nine months. *Id.* As noted above, the court found Mr. Kearney not competent on August 18, 2020, and one month of the four-month period has already passed with the Government projecting Mr. Kearney cannot begin treatment until November 27, 2020, more than three months into the four-month period allowed under § 4241(d)(1).

2

different treatment facility. As a result, the court finds it necessary to reconvene the show cause hearing.

Accordingly, Mr. Smith and a representative of the Marshals Service with knowledge of this case are ordered to appear on **September 24, 2020 at 9:00 a.m. in Wilmington, North Carolina** and to show cause (1) why Defendant has not been hospitalized for treatment in a suitable facility in accordance with 18 U.S.C. § 4241(d) and the court's August 18, 2020 commitment order and (2) what steps the Government has taken to comply with its statutory and court ordered obligations.

So ordered, the 18th day of September 2020.

Robert B. Jones, Jr.
United States Magistrate Judge